IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HARDEEP SINGH**                                                                                      **PETITIONER**

v.                                                                 CIVIL ACTION NO. 5:20-cv-121-DCB-MTP

**SHAWN R. GILLIS**                                                                                   **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Hardeep Singh's Petitioner for Writ of Habeas Corpus [1].  Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be denied and this matter be dismissed with prejudice.

## BACKGROUND

Petitioner, a citizen of India, is currently held in immigration custody at the Adams County Detention Center.  On or about June 25, 2019, Petitioner illegally entered the United States without inspection[1] but was apprehended by United States Border Patrol agents near the border to Mexico.  *See* [6-1] at 1.  Immigration Custom and Enforcement ("ICE") took Petitioner into custody and placed him in "expedited removal proceedings." *Id*.  ICE determined that Petitioner was not eligible for relief from expedited removal, and on September 3, 2019, an Immigration Judge affirmed ICE's determination. *Id*.  Thus, Petitioner is being detained subject to the removal proceedings set forth in 8 U.S.C. § 1225(b)(1)(B)(iii).

On April 29, 2020, Petitioner filed his Petition for Writ of Habeas Corpus [1].  Petitioner complains that he has been detained in in excess of six-months.  Petitioner argues that his

---

[1] "All aliens (including alien crewmen) who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States shall be inspected by immigration officers." 8 U.S.C. § 1225(a)(3).

1

extended detention violates the Immigration and Nationality Act and his due process rights. Petitioner seeks immediate release from immigration custody.

## ANALYSIS

Presumably, Petitioner is relying on the holding in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) to challenge his detention, which has exceeded six months. 8 U.S.C. § 1231(a)(1)(A) provides that the Attorney General has ninety days after an order of removal becomes final to deport the alien. In *Zadvydas*, the Supreme Court held that the detention of aliens detained pursuant to § 1231 is presumably reasonable for a period up to six months.[2]

The holding in *Zadvydas*, however, is not applicable to all ICE detainees. The guidance regarding periods of detention that exceed six months as set forth in *Zadvydas* is not applicable to Petitioner, who is being detained pending his removal under 8 U.S.C. § 1225(b)(1).

This issue has been decided by the Supreme Court in *Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018), which is dispositive of Petitioner's claim. Judicial review of detainees being held pursuant to § 1225 is limited, as the admissibility of aliens into the country is determined by Congress.[3] In *Jennings*, the Supreme Court held that, unlike the applicable statute in *Zadvydas*, there is no implicit, presumptively reasonable six-month analysis that can be applied to aliens detained pursuant to § 1225. *Jennings*, 138 S. Ct. at 844. Instead, the statute mandates

---

[2] This does not mean that every alien detained pursuant to § 1231 who is not removed after six months must be released. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." *Zadvydas*, 533 U.S. at 679. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

[3] An alien detained under § 1225 recently argued that expedited removal proceedings violate the Suspension Clause of the United States Constitution, but the Supreme Court rejected his argument finding entry into the country has historically been and continues to be within the purview of Congress. *See Dept. of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959 (2020).

Petitioner's detention until his removal from the country. *Id*. Specifically, the statute provides as follows: "Any alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(b)(iii)(IV).

Additionally, Petitioner's due process claims lack merit because he is in the category of unadmitted aliens whose protections are limited to those granted by Congress. "The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law. It is well established that certain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders." *Zadvydas*, 533 U.S. at 693. Aliens who arrive to the United States seeking entry are generally entitled only to those protections explicitly authorized by Congress, while aliens who have already entered the country[4] are generally entitled due process protections prior to removal. *See Id*.; *Guzman v. Tippy*, 130 F.3d 64, 66 (2d Cir. 1997). In light of Petitioner's status as an unadmitted alien who is detained subject to removal proceedings under § 1225(b), this Court lacks jurisdiction to review his Petition.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and that this action be DISMISSED with prejudice.

---

[4] As previously mentioned, Petitioner illegally entered the United States and was apprehended by United States Border Patrol agents. However, "an alien who is detained shortly after unlawful entry cannot be said to have 'effected an entry.'" *Thuraissigiam*, 140 S.Ct. at 1982-83.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 3rd day of March, 2021.

s/ Michael T. Parker
United States Magistrate Judge